United States District Court
Southern District of Texas
**ENTERED**
April 15, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TONY CANANDUS CURRY, <br> TDCJ–CID #01248123, <br><br> *Plaintiff,* <br><br> v. <br><br> OFFICER CLARK, <br><br> *Defendant.* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. H-26-2820 |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a state prisoner proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 against Texas Department of Criminal Justice employee Officer Clark. Plaintiff did not pay the filing fee or file an application to proceed *in forma pauperis*. Because plaintiff submitted a copy of a commissary purchase receipt reflecting an account balance of $0.00, the Court presumes he intends to seek leave to proceed *in forma pauperis*.

Having screened the complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A, the Court **DISMISSES** this lawsuit for the reasons shown below.

### I.  BACKGROUND AND CLAIMS

Plaintiff claims that Officer Clark violated his constitutional rights by "try[ing] to make me beg for things such as rec [*sic*] and my PM snacks." (Docket Entry No. 1, p. 4.) Plaintiff does not state that he was denied these amenities, but only that Officer Clark made him "beg" for them. He seeks monetary compensation.

## II.  ANALYSIS

Plaintiff complains that Officer Clark required him to "beg" for certain amenities such as recreation and evening snacks.  Plaintiff does not allege that he was denied the amenities; his complaint arises from the manner in which Officer Clark provided the amenities.

Assuming plaintiff's allegations are true, Officer Clark's actions are reprehensible, cannot be condoned by this Court, and should not be condoned by prison officials. Nevertheless, Officer Clark's conduct did not violate plaintiff's constitutional rights, as plaintiff's complaint does not show that he was denied any constitutionally-protected amenity or right.

Plaintiff's claims against Officer Clark fail to raise a viable claim for relief under § 1983, and are **DISMISSED WITH PREJUDICE.**[1]

## III.  SANCTIONS WARNING

Under 28 U.S.C. § 1391(b), a civil lawsuit may brought in a judicial district in which the defendant resides, or in a judicial district in which the claim arose.  Plaintiff states in his complaint that the claims involving Officer Clark occurred at the Montford Unit, which is located within the jurisdiction of the United States District Court for the Northern District of Texas, Lubbock Division. None of the acts or omissions giving rise to the alleged constitutional violations occurred within the United States District Court for the Southern

---

[1] The Court notes that plaintiff states he did not exhaust administrative remedies prior to filing this lawsuit. (Docket Entry No. 1, p. 2.)  His failure to exhaust subjects his lawsuit to dismissal without prejudice.  However, the Court will pretermit the exhaustion issue and dismiss this lawsuit with prejudice for failure to raise a viable claim for relief.

District of Texas, nor does plaintiff allege that Officer Clark resides within this District. As a result, plaintiff's complaint was not properly filed with this Court. *See Mayfield v. Klevenhagen*, 941 F.2d 346, 348 (5th Cir. 1991).

The Court has advised plaintiff on multiple occasions that his lawsuits for claims arising at the Montford Unit cannot be filed in the Southern District of Texas and must be filed in the Lubbock Division of the Northern District of Texas. *See Curry v. Bible Life Study*, C.A. No. 4:25-cv-1811 (S.D. Tex. April 21, 2025); *Curry v. Roberson Unit Director*, C.A. No. 4:25-cv-1812 (S.D. Tex. April 21, 2025); *Curry v. Montford Unit*, C.A. No. 4:25-cv-5155 (S.D. Tex. Oct. 24, 2025). Most recently, on March 26, 2026, the Court declined to transfer plaintiff's lawsuit against the Montford Unit and the Allred Unit and dismissed the lawsuit without prejudice based on improper venue under 28 U.S.C. § 1406(a). *Curry v. Montford Unit*, C.A. No. H-26-2308 (S.D. Tex. Mar. 26, 2026). The Court again advised plaintiff that his claims arising at the Montford Unit must be filed in the Lubbock Division of the Northern District of Texas. The Court further advised plaintiff that his claims arising at the Allred Unit must be filed in the Wichita Falls Division of the Northern District of Texas. The Court also assessed a strike against plaintiff for purposes of § 1915(g), finding that plaintiff "ha[d] deliberately filed a fourth action in this Court after notice that this Court has no jurisdiction."

The instant lawsuit is plaintiff's *fifth* lawsuit filed in the Houston Division seeking recourse for claims arising at the Montford Unit. The Court declines to transfer the lawsuit

3

to the Northern District of Texas and dismisses the lawsuit for failure to raise a viable claim for relief.

Plaintiff is **WARNED** that his filing of further lawsuits in this Court that seek recourse for claims that arose at the Montford Unit or the Allred Unit will subject him to the imposition of sanctions against him by this Court, including monetary sanctions and/or orders precluding his filing of new lawsuits without prior authorization of the Court.

## IV.  CONCLUSION

For the above reasons, this lawsuit is **DISMISSED WITH PREJUDICE** for failure to state a viable claim for relief under § 1983.  This dismissal constitutes a strike and stands as plaintiff's second strike.  *See Curry v. Montford Unit*, C.A. No. H-26-2308 (S.D. Tex. Mar. 26, 2026).

Signed at Houston, Texas, on this the ___14___ day of April, 2026.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE